# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EDWARD W. CARPENTER,
         Appellant,

      v.

DEPARTMENT OF THE NAVY,
         Agency.

DOCKET NUMBER
PH-0752-15-0251-C-1

DATE: February 14, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Edward W. Carpenter, East Lebanon, Maine, pro se.

Scott W. Flood, Esquire, Portsmouth, New Hampshire, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement. For the reasons discussed below, we GRANT the appellant's petition for review and REVERSE the compliance initial decision. We find the agency in noncompliance with the settlement agreement and refer the petition for enforcement to the Board's Office

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of General Counsel to obtain compliance with the parties' settlement agreement and issuance of a final decision. *See* 5 C.F.R. § 1201.183(c).

## BACKGROUND

In March 2015, the appellant timely filed an initial appeal contesting his removal from his position with the agency as a Painter. *Carpenter v. Department of the Navy*, MSPB Docket No. PH-0752-15-0251-I-1, Initial Appeal File (IAF), Tab 1. In August 2015, the parties executed a settlement agreement, which provided that, in exchange for the appellant's withdrawal of his appeal and agreement not to accept certain types of employment, the agency agreed to (1) expunge the decision to remove the appellant, (2) submit a Standard Form 50 that reflected resignation in lieu of an involuntary action, (3) pay the appellant "the sum of money due to him determined by the Back Pay Act for the period from 14 Apr 2014 through 27 Feb 2015," and (4) pay the appellant for any annual leave accrued during the back pay period. IAF, Tab 9 at 4-6; *Carpenter v. Department of the Navy*, MSPB Docket No. PH-0752-15-0251-C-1, Compliance File (CF), Tab 1 at 23-25. The appellant also agreed to assist the agency by completing the necessary documentation for the Defense Finance and Accounting Services (DFAS) to calculate "the proper settlement in accordance with the Back Pay Act." IAF, Tab 9 at 5; CF, Tab 1 at 24. Also in August 2015, the administrative judge issued an initial decision incorporating the settlement agreement into the record. IAF, Tab 10. In incorporating the agreement into the record, the administrative judge found that the Board had jurisdiction over the underlying appeal, the parties understood and freely accepted the terms of the agreement, the parties had requested that the agreement be entered into the record for the Board to retain jurisdiction to enforce its terms, and the agreement was lawful. *Id.* Accordingly, the administrative judge dismissed the appeal. *Id.* The initial decision became the final decision of the Board when neither party filed a petition for review.

On December 13, 2018, the appellant timely filed a petition for enforcement alleging that the agency had breached the settlement agreement.[2] CF, Tab 1. He provided an October 19, 2018 letter from DFAS informing him that he was "overpaid for prepaid Federal Employees Health Benefits premiums for pay periods ending August 23, 2014 through March 7, 2015," and requesting payment in the amount of $1,712.99. CF, Tab 1 at 3-8. The appellant appeared to be alleging that, under the settlement agreement, he should not owe the debt. *Id.* at 27. The administrative judge issued an order directing the agency to file proof that it had complied with the settlement agreement. CF, Tab 3. The agency filed a response in which it argued that, when the agency paid the appellant pursuant to the settlement agreement, the appellant was obligated to pay past due health insurance premiums and that he could have negotiated as a term of the agreement that the agency withhold the premiums from his settlement payment but did not, thus the agency was in compliance with the agreement. CF, Tab 6. The administrative judge subsequently issued an order summarizing the agency's arguments, explaining the relevant provisions of the Back Pay Act and its implementing regulations, and directing the appellant to respond. CF, Tab 7. The appellant did not file a response prior to the close of the record.

The administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. CF, Tab 8, Compliance Initial Decision (CID). He found that the overpayment for health insurance premiums occurred during the time period for which the agency agreed to pay the appellant a sum

---

[2] The administrative judge did not address the timeliness of the petition for enforcement; however, we find it was timely filed. An appellant must file a petition for enforcement alleging a breach of a settlement agreement within a reasonable time after the petitioner becomes aware of the breach. *Eagleheart v. U.S. Postal Service*, 113 M.S.P.R. 89, ¶ 12 (2009). The record reflects that, following the appellant's receipt of the October 19, 2018 letter showing that he owed a debt resulting from the overpayment of health insurance premiums, he made several attempts to resolve the issue, the last of which occurred on December 10, 2018. CF, Tab 1 at 3-8, 27. The appellant's petition for review, filed 3 days after his final attempt to resolve the debt, was filed within a reasonable time.

owed to him under the Back Pay Act. CID at 4. According to the administrative judge, the appellant had not argued that he elected to forego health insurance coverage during the period in question or that the agency had already deducted the premiums owed from the back pay it paid him pursuant to the agreement. CID at 5. The administrative judge thus found that, at the time the settlement agreement was executed, the appellant had received the benefit of the health insurance coverage and owed the debt for the premiums. CID at 5. The administrative judge also found that the Back Pay Act's implementing regulations did not require the agency to offset the back pay amount by the amount of the premiums owed. CID at 5-6. The administrative judge thus determined that the appellant had not shown a breach of the agreement and denied the petition for enforcement. CID at 6.

The appellant has timely filed a petition for review of the compliance initial decision, to which the agency has filed an opposition. Petition for Review (PFR) File, Tabs 1, 3. As set forth below, we find that the appellant has shown that the agency has breached the settlement agreement and reverse the compliance initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010). A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Id.* In a compliance action based on a settlement agreement, the burden of proving noncompliance rests with the party asserting that the agreement has been breached. *Raymond v. Department of the Navy*, 116 M.S.P.R. 223, ¶ 4 (2011). The appellant, as the party asserting the breach, must show that the agency failed to abide by the terms of the settlement agreement. *Id.* The agency nonetheless is

required to produce evidence that it has complied with the settlement agreement. *Id.*

On review, the appellant argues that he should not owe the health insurance premiums at issue; he states that in February 2014, he received a letter stating that his insurance would end in March 2014. PFR File, Tab 1 at 3. He alleges that he did not have health insurance through the agency during the period for which he received back pay and was instead insured through his wife during that time. *Id.* The appellant also states that he affirmatively informed the agency that he did not want his health insurance reinstated during the back pay period. *Id.* In support of his statement, he attaches a copy of a DFAS form entitled "Employee's Statement Relative to Back Pay," which states that the form "must be completed prior to payment of back pay." *Id.* at 6. The sixth question on the DFAS form asks, "Do you wish to have your health insurance reinstated during the back pay period? If yes, deductions will be taken for each missed pay period from your settlement amount," to which the appellant responded, "NO." *Id.* The appellant signed and dated the form June 29, 2015. *Id.* at 7. In its opposition to the petition for review, the agency maintains that the appellant has not shown that it breached the settlement agreement and has not timely raised the arguments in his petition for review but does not dispute the veracity of the appellant's factual assertions or documentary evidence. PFR File, Tab 3.

The Board generally will not consider evidence or argument submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. 5 C.F.R. § 1201.115; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not argued that the evidence he has submitted on review regarding his election to decline the retroactive reinstatement of his health insurance during the back pay period was unavailable prior to the close of the record below, and ordinarily, we would decline to consider it. Under the circumstances presented in this case, however, we will consider this evidence.

First, the administrative judge's March 18, 2019 order was not entirely clear as to the information the appellant was to submit to address the disputed issues in this case. In his order, the administrative judge outlined the circumstances under which health insurance premiums may be deducted from a back pay award and ordered the appellant to "clearly state his claim(s) in response, and clearly state and [sic] disagreement with my assessment of the facts and applicable law." CF, Tab 7. Given the appellant's pro se status, we find that the order may not have clearly informed the appellant of the evidence he was to provide in response. *See, e.g., Anthony v. Department of Justice*, 76 M.S.P.R. 45, 51 (1997) (providing that, where the administrative judge did not provide the appellant with sufficient notice that he must address an issue or the required burden of proof, the Board has considered newly submitted evidence and arguments on the basis that they were previously unavailable).

Moreover, the documentation the appellant has submitted reveals that the agency knew, or at least had evidence in its possession, of the appellant's clear election to decline retroactive reinstatement of his health insurance coverage in the computation of back pay. An agency may not sit by concealing evidence that would change the result in the case. *See Montalvo v. U.S. Postal Service*, 91 M.S.P.R. 671, ¶ 11 (2002) (considering on review evidence that the appellant's appeal was timely filed where the agency knew that the appellant's case was timely filed, yet filed a motion to dismiss in which it asserted that the appeal was untimely). The DFAS form the appellant signed containing his election was a prerequisite to the payment of back pay, and the appellant returned the form to an agency representative. PFR File, Tab 1 at 3-7. Additionally, the appellant signed the DFAS form in June 2015; thus, it is likely that the agency was in possession of the form prior to the August 2015 execution of the settlement agreement. *Id*. at 7. The agency has not disputed the veracity of the DFAS form or that it received the form. We thus find it appropriate to consider this relevant information on review.

The settlement agreement provided that the agency would pay the appellant a sum of money due to him for the period of April 14, 2014, through February 27, 2015, in accordance with the Back Pay Act. CF, Tab 1 at 24. Title 5 of the Code of Federal Regulations, section 550.805(e)(3)(iii), provides that in computing back pay, an agency must deduct from the gross back pay award health benefits premiums if coverage is retroactively reinstated at the employee's election under 5 U.S.C. § 8908(a).[3] *Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 14 (2007). Here, the appellant has asserted that the agency terminated his health insurance coverage during the relevant time period and that he was instead covered by his wife's insurance, and he has provided evidence that he affirmatively declined to retroactively reinstate his health insurance coverage prior to the calculation of the back pay owed to him. PFR File, Tab 1 at 6. The agency has not disputed the appellant's assertions and evidence. PFR File, Tab 3. Accordingly, we find that DFAS erred in calculating an overpayment in health insurance premiums during the back pay period and seeking to collect the overpayment from the appellant. *See Fernandez*, 105 M.S.P.R. 443, ¶¶ 14-16 (providing that, if the appellant did not exercise his option to elect to have his health benefits retroactively restored, he was entitled to reimbursement for the health insurance premiums that the agency deducted from his back pay when it retroactively restored his health benefits coverage).

DFAS acted as the agency's agent in calculating back pay under the settlement agreement and the erroneous overpayment arising from that calculation; thus, the error is the agency's responsibility. CF, Tab 1 at 24; *see Tichenor v. Department of the Army*, 84 M.S.P.R. 386, ¶ 8 (1999) (rejecting the agency's argument that severance pay withheld by DFAS was not the result of the

---

[3] Under 5 U.S.C. § 8908(a), an employee enrolled in a health benefits plan who is removed or suspended without pay and later reinstated or restored to duty on the ground that the removal or suspension was unjustified or unwarranted may, at his option, have his coverage restored, with appropriate adjustments made in contributions and claims, to the same extent and effect as though the removal or suspension had not taken place.

agency's action because the agency was using DFAS as its paying agent). Upon review of the appellant's evidence in support of noncompliance and the agency's failure to refute that evidence, we find the agency to be in noncompliance with the settlement agreement. *Cf. Tubesing v. Department of Health and Human Services*, 112 M.S.P.R. 393, ¶¶ 17-18 (2009) (providing that, where the appellant has provided detailed information supporting his specific allegations of noncompliance, the agency's provision of no more than a cursory explanation is insufficient to show compliance).

Because we have found the agency in noncompliance, the agency is being directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The agency's petition for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the petition for review of the compliance initial decision[4] and setting forth the parties' further appeal rights and the right to attorney fees, if applicable.

## ORDER

We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's

---

[4] The subsequent decision may incorporate the analysis and findings set forth in this Order.

submission shall demonstrate that, in accordance with the appellant's election not to retroactively reinstate health insurance coverage for the time period covered by the August 6, 2015 settlement agreement, it has cancelled the reinstatement of the appellant's health insurance coverage for this time period and the associated health insurance premiums charged to the appellant.  The agency must serve all parties with copies of its submission.

The agency's submission should be filed under the new docket number assigned to this compliance referral matter, **MSPB Docket No. PH-0752-15-0251-X-1**.  All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission.  5 C.F.R. § 1201.183(a)(8).  If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case.  5 C.F.R. § 1201.183(a).  The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee

during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in the petition for enforcement, a final order shall be issued, which then shall be subject to judicial review.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.